UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| MICHAEL A.  NORTON, | ) | CASE NO.  1:08 CV 2357 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN LOVE, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |


On October 6, 2008 pro se plaintiff Michael A. Norton filed the above-captioned

action against John Love, Deputy Commissioner for Patent Examination Policy.  He asserts that the

defendant and his "agents and assigns" have failed to admit the case of Tafas v.  Dudas "as an

exhibit for patent allowance of Mr.  Norton's application , US11/333,642."  (Compl. at ¶ 1.)  He

seeks an injunction to allow patent protection for US11/333,642 and $8,800,000.00 in damages, "the

projected cost to correctly develop the invention, reflective of the Defendant's failure to admit the

exhibit."  (Compl. at ¶ 13.)  For the reasons outlined below, the complaint is dismissed.

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Id. at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id. at 1278.

Nothing in Mr. Norton's complaint sets forth a valid federal claim.  At best, he argues that the Cleveland Clinic infringed on his alleged patent when he sent an email in July 2008.  Within "minutes after the Clinic's email servers ubiquitously failed.  A copy of the email nearly simultaneously was returned to the Plaintiff, while components of such remained within the (quantum) computing cloud of the Cleveland Clinic, whose partner, Google, Inc, the Plaintiff alleges [per 9/10/2008 petition to USPTO], was infringing upon US11/333,642 via a prototype build of their web browser, Google Chrome."  (Compl. at ¶ 5)(brackets in original.)  Legal conclusions alone are

2

not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).  Even liberally construed, the complaint does not contain allegations reasonably suggesting Mr. Norton might have a valid federal claim against the defendant.

Accordingly, plaintiff's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and thus plaintiff may not proceed in forma pauperis on appeal.

IT IS SO ORDERED.

Dated: November 24, 2008                          s/       James S. Gwin
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE